# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY TABER and MARKEETA TABER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ALLIED WASTE SYSTEMS, INC., d/b/a ) <br> ALLIED WASTE SERVICE OF OKLAHOMA CITY, ) <br> ) <br> Defendant and Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MANSFIELD OIL COMPANY OF GAINESVILLE, INC., ) <br> ) <br> Third-Party Defendant. ) | Case No. CIV-13-773-D |

## **O R D E R**

Before the Court is Plaintiffs' Motion for New Trial and Motion to Reconsider Daubert Motion Concerning Dr. Robert Block [Doc. No. 85]. Defendant has responded [Doc. No. 89] and the matter is ready for decision. Plaintiffs seek the Court's reconsideration of its March 11, 2015 Order [Doc. No. 82] granting summary judgment in favor of Defendant and excluding the testimony of Plaintiffs' expert, Dr. Robert Block.

In this action, Plaintiffs brought claims for negligence and loss of consortium due to injuries Plaintiff Anthony Taber sustained when he fell from a ladder attached to a fuel tank located on Defendant's property. In granting summary judgment to Defendant, the Court found that Plaintiffs had failed to present any direct evidence on the issue of causation and deemed inadmissible the circumstantial evidence consisting of expert opinions of Plaintiffs two experts, Block and Purswell. As a result, the Court found Plaintiffs' negligence claim failed as a matter of law. Because the loss

of consortium claim was derivative of the negligence claim, the Court found that claim also failed as a matter of law.

In support of their pending Motion, Plaintiffs contend that due to their "limited briefing" on the issue of causation, "the supporting facts and controlling law on causation must be clarified in order to prevent clear error or manifest injustice." *See* Plaintiffs' Motion at p. 1.[1] Plaintiffs accompany their motion with a "Statement of Facts" comprised of thirty-two paragraphs. Plaintiffs further accompany their motion with an Affidavit [Doc. No. 85-3] of their expert, Robert Jay Block, Ph.D. The Affidavit was prepared after the entry of the Court's Order but the statements contained therein are not based on new evidence or facts otherwise previously unavailable.

Under Fed.R.Civ.P. 59(e), the Court has discretion to reconsider a final decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000). Rule 59(e) does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir.1996); *Servants of Paraclete*, 204 F.3d at 1012. A party's failure to present his strongest case in the first instance does

---

[1] Plaintiffs characterize the briefing as "limited" because Defendant raised two issues in its summary judgment motion and, according to Plaintiffs, the issue of causation was the lesser developed issue upon which Defendant sought the entry of judgment as a matter of law in its favor. Accordingly, Plaintiffs focused more heavily on the other issue – whether Plaintiffs claims were barred by the statute of repose. To the extent Plaintiffs suggest they were prejudiced, the Court finds no such prejudice exists. The issue of causation was raised both in Defendant's summary judgment and *Daubert* motions. Plaintiffs were fairly apprised of the issue and provided adequate opportunity to respond. Significantly, Plaintiffs do not contend that the evidence and arguments they now submit were previously unavailable.

not entitle him to a second chance in the form of a motion to reconsider. *Cline v. Southern Star Cent. Gas Pipeline, Inc.*, 370 F.Supp.2d 1130, 1132 (D.Kan.2005); *see also Stapleton v. Saint Francis Hosp., Inc.*, No. 10–CV–0806, 2011 WL 5837071, at *2 (N.D.Okla. Nov. 21, 2011) (unpublished op.) (*quoting Syntroleum Corp. v. Fletcher Int'l*, No. 08–CV–384, 2009 WL 761322, at *1 (N.D.Okla. Mar. 19, 2009) (unpublished op.) (Rule 59(e) motion designed to permit relief in extraordinary circumstances, not to offer second bite at proverbial apple)). Whether to grant a motion for reconsideration is committed to the court's discretion. *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir.1988).

As stated, Plaintiffs do not point to an intervening change in controlling law or proffer evidence that through the exercise of due diligence, they could not have previously presented. Thus, amendment under Rule 59(e) is only appropriate if necessary to correct clear error or prevent manifest injustice. "[A] showing of clear error or manifest injustice does not directly authorize augmentation of the record[;]" instead, "[t]he motion to reconsider should be based on arguments that were previously raised but overlooked by the court." *Maui v. Logan County Bd. of County Com'rs.*, No. CIV-05-605, 2006 WL 3447629 at *1 (W.D. Okla. Nov. 29, 2006) (unpublished op.). The Tenth Circuit has defined clear error as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1235 (10th Cir.2001). Manifest injustice "may reach the serious misconduct of counsel (i.e., improper actions that have affected the outcome of the case)." *Maui*, 2006 WL 3447629 at *1 (*citing* 11 Federal Practice and Procedure §2810.1 (2006) (additional citation omitted)).

Plaintiffs now contend that Mr. Taber's deposition testimony provides direct evidence as to the issue of causation and supports the expert opinion testimony of Block and Purswell that the

3

extended rung spacing of the ladder caused Plaintiff to fall. Absent from Plaintiffs' Motion is any rationale for not submitting the evidence and arguments now relied upon in the first instance. Moreover, a close review of the deposition testimony Plaintiffs rely upon is consistent with the prior testimony addressed by the Court and shows that Mr. Taber could not remember how or why he fell and whether, as Plaintiffs now contend, "his feet lost contact with the ladder before his hands were ripped free." *See* Motion at p. 3, Statement of Facts, ¶ 6.[2]

Plaintiffs also submit the Affidavit of their expert, Robert Block, in support of their Motion. Again, Plaintiffs offer no reason why this Affidavit could not have been submitted as part of the

---

[2]The deposition testimony cited in support of this statement provides:

Q. So when you say you take one or two steps, would you have stepped down with one foot, put it on the rung, brought the other foot down to that same rung and began that process again and then fell, if you can make that recollection? Does that make sense what I'm saying?

A. Yes, sir, I understand your question. I know I stepped down the first step and I brought my other foot down on that same step. And that might be what I'm thinking was two steps. Or I might have began that next step. That I just can't remember exactly.

Q. Did you feel anything like a slip of your feet?

A. No, sir.

Q. Did you feel any kind of losing your grip on the rail? Obviously, Tony, something like that had to have happened. And I'm just trying to remember. I'm trying to help see if there's any way we can jog your memory. Do you recall losing your grip, your hand grips, on the rail or rails?

A. It seems to me that I might have remembered trying to hang on with my left hand or something But I can't – I can't remember for certain.

*See* Deposition Testimony of Anthony Taber [Doc. No. 85-1] at pp. 230-31.

summary judgment and/or *Daubert* briefing. Moreover, the Court has reviewed the Affidavit and concludes that even if it were considered, nothing in the Affidavit undermines the factual or legal bases of the Court's prior determinations.[3]

Plaintiffs have failed to demonstrate clear error or manifest injustice.[4] Plaintiffs' failure to present their strongest case in the first instance does not entitle them to a second chance in the form of a motion to reconsider.

IT IS THEREFORE ORDERED that Plaintiff's Motion for New Trial and Motion to Reconsider Daubert Motion Concerning Dr. Robert Block [Doc. No. 85] is DENIED.

IT IS SO ORDERED this  11th  day of June, 2015.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] In the Affidavit, Dr. Block purports to have conducted a reconstruction of the accident simply by his own descent of the ladder. *See, e.g.*, Affidavit at pp. 9-10, ¶ 31; *see also id.*, at p. 11, ¶ 33. Even if his descent of the ladder qualified as a reconstruction, that reconstruction is unreliable. Dr. Block does not address in his purported reconstruction issues related to the nature of the equipment Mr. Taber wore (boots and gloves), whether Dr. Block and Mr. Taber are of similar height or weight or any other factors that would be indicative of a scientific reconstruction. And Dr. Block continues to rely on speculation: "It is far more likely that [Mr. Taber] began his climb down, as I began all of mine, using the fifth step." Affidavit, at p. 11, ¶ 33.

[4] Although the Court has pinpointed certain factual matters raised by Plaintiffs' Motion for discussion, the Court has thoroughly reviewed the entire Motion and concludes as set forth herein, that Plaintiffs' have failed to demonstrate grounds sufficient to warrant reconsideration.

5